IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Javon Brown, *a/k/a* Jovan T. Brown, *a/k/a* Jovon Brown, | C/A No. 8:14-cv-01269-RBH-JDA |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Joseph McFadden, Warden, | |
| Respondent. | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 23.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 2, 2014.[1] [Doc. 1.] On August 7, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 23, 24.] On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 25.] On August 27, 2014, Petitioner filed a response in opposition. [Doc. 27.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on April 2, 2014. [Doc. 1-1 (envelope stamped as received by the prison mail room on April 2, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be denied with leave to refile.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Horry County Clerk of Court. [Doc. 1 at 1.] In December 2007, Petitioner was indicted for possession with intent to distribute ("PWID") cocaine base and PWID cocaine. [App. 270–73.[2]] On January 8, 2009, represented by James T. Irvin, Jr. ("Irvin"), Petitioner proceeded to trial in absentia. [App. 1–115.] The jury returned a verdict of guilty on both charges [App. 107], and the trial judge sealed the sentences [App. 114]. On March 5, 2010, the sentences were unsealed and Petitioner was sentenced to 20 years imprisonment and a $10,000 fine on each charge, the sentences to run concurrent. [App. 119.] No direct appeal was filed.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on May 28, 2010. [App. 123–29.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

(a)     Ineffective Assistance of Counsel

(b)     Denial of Due Process, 6th and 14th Amend.

[App. 125.] In support of his grounds for relief, Petitioner provided the following allegations, quoted substantially verbatim:

---

[2]The Appendix can be found at Docket Entry Number 24-1.

2

    (a) Counsel failed to file direct appeal.

    (b) Since this was abstentia any issued not raised herein are not waived, remaining issues/need trial transcript.

[App. 125.] The State filed a return on July 23, 2010. [App. 130–33.]

A hearing was held on November 8, 2011, and Petitioner was represented at the hearing by Barbara W. Pratt ("Pratt"). [App. 134–229.] On November 21, 2011, the State filed a "Brief of Respondent Following PCR Hearing." [App. 230–36.] On May 21, 2012, the PCR court filed an order denying relief as to the convictions but granting relief as to the sentencing.[3] [App. 237–49.] Accordingly, the PCR court remanded the case to the sentencing judge for a de novo sentencing hearing. [App. 249.] On May 31, 2012, Petitioner filed a motion to alter or amend judgment, requesting that the PCR court amend its order to include its ruling on the number of prior convictions and their enhancement of the sentence. [App. 250.] The PCR court granted the motion to alter or amend judgment but denied relief as to the additional issue. [App. 251–53.] A notice of appeal was timely filed and served. [App. 261–62.]

---

[3]In its order, the PCR court addressed six ineffective assistance of counsel allegations:

  (1) failure to file notice of appeal;
  (2) motion for continuance;
  (3) directed verdict motion;
  (4) failure to make a motion to suppress;
  (5) failure to object to chain of custody;
  (6) motion to reduce sentence.

[App. 240–49.]

On August 3, 2012, Petitioner submitted a pro se motion for relief from judgment or order.[4]  [App. 254–60.]  On December 3, 2012, Pratt filed a motion to hold the appeal in abeyance and to remand for a hearing on a motion to reduce sentence, lifting the automatic stay.  [App. 263–68.]  Although both the Solicitor's office and the Attorney General's office consented to the motion [App. 266–67], the Supreme Court of South Carolina denied the motion on December 10, 2012.  [App. 269.]

On May 1, 2013, Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina.  [Doc. 24-3.]  The petition asserted the following as the sole issue presented:

> Did the PCR court err in failing to find trial counsel ineffective for not making a motion to suppress the drugs which were the fruit of an illegal arrest for DUS when Petitioner's license was reinstated but DMV records were not updated timely?

[*Id.* at 3.]  The State filed a return on June 17, 2013.  [Doc. 24-4.]  The court denied the petition on February 10, 2014 [Doc. 24-5] and remitted the matter to the lower court on March 4, 2014 [Doc. 24-6].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on April 2, 2014.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

---

[4]The motion for relief from judgment or order was never ruled on by the PCR court. Respondent asserts that the copy of this motion in the Appendix does not reflect that it was filed and, further, that the motion should not have been filed because there is no right to hybrid representation.  [Doc. 24 at 3–4.]

4

> **GROUND ONE:**   Six Amendment Violation (Ineffective Assistant of Counsel)
>
> *Supporting facts*:   Trial counsel was ineffective for failing to make a motion to suppress drugs which were the fruit of an illegal arrest.
>
> **GROUND TWO:**   Six Amendment Violation (Ineffective Assistant of Counsel)
>
> *Supporting facts*:   Trial counsel was ineffective for failing to file an objection under Rule 6(B), S.C. R. Crim. P. to require proof of the chain of custody at trial.
>
> **GROUND THREE:**   Six Amendment Violation (Ineffective Assistant of Counsel)
>
> *Supporting facts*:   Trial counsel was ineffective for failing to investigate the facts of the stop, search, and arrest.

[Doc. 1 at 6–8.] On May 2, 2014, Petitioner amended his Petition to add the following ground for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND FOUR:**   Six Amendment Violation (Ineffective Assistant of Counsel)
>
> *Supporting facts*:   Trial counsel was ineffective for failing to communicate enhancement factors.

[Doc. 11.] As stated, on August 7, 2014, Respondent filed a motion for summary judgment. [Doc. 23.] On August 27, 2014, Petitioner filed a response in opposition. [Doc. 27.] In his response in opposition, Petitioner concedes that Ground Two has not been fully exhausted and, therefore, withdraws Ground Two. [*Id.* at 2.] Accordingly, Petitioner is proceeding only as to Grounds One, Three, and Four, and the motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

> (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

>> (B) (I) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C.

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and

> while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

Respondent argues Petitioner has not satisfied the exhaustion requirement because he still has a state court remedy for the claim in Ground Four relating to the sentence he received. [Doc. 24 at 7–9.] Respondent concedes that Grounds One and Three are exhausted because they were presented to the Supreme Court of South Carolina in the petition for writ of certiorari; however, he argues Ground Four is not exhausted. [*Id.*] According to Respondent, a state court remedy remains for Petitioner because the PCR

court granted Petitioner a new sentencing proceeding and ordered that the case be remanded to the trial judge for resentencing based on ineffective assistance of trial counsel at the sentencing hearing. [*Id.*]  Therefore, Respondent argues the case should be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), because it is a mixed petition, containing both exhausted and unexhausted claims. [*Id.* at 9–10.] Respondent further argues the Petition should be dismissed and not stayed because the available state court remedy makes Petitioner's Ground Four moot, Ground Four is plainly meritless, and the limitations period should not run if the Court grants dismissal without prejudice. [*Id.* at 10–13.]

In his response in opposition, Petitioner concedes Grounds Four is not exhausted but argues that no state court remedy remains for the claim in Ground Four as it is raised in this Court and that Ground Four falls within the limited exceptions that will allow this Court to treat it as exhausted. [Doc. 27.] More specifically, Petitioner argues that he was granted a new sentencing hearing based on his claim that trial counsel was ineffective for failing to offer mitigating evidence at the sentencing phase of trial but in Ground Four, Petitioner argues trial counsel was ineffective for failing to communicate the enhancement factors to Petitioner before trial and that if he were successful on this ground, the available remedy would be a new trial. [*Id.* at 2–4.] Petitioner further asserts that if trial counsel had communicated that Petitioner's prior convictions could be used to enhance his sentence, Petitioner would have accepted the plea deal. [*Id.* at 5–6.]

The Court agrees with Petitioner that the claim raised to this Court—that trial counsel was ineffective for failing to communicate enhancement factors— is different from

(a) the claim on which the PCR court granted Petitioner a new sentencing hearing—that trial counsel was ineffective because he failed to move to vacate and/or reconsider the sentence using appropriate supporting mitigation—and (b) the claim the PCR court addressed in its order on the motion to alter or amend judgment—that trial counsel was ineffective because he failed to contest the use of Petitioner's prior convictions to enhance his sentence.  In the PCR court, Petitioner focused on trial counsel's ineffectiveness at the sentencing phase; here, Petitioner focuses on trial counsel's ineffectiveness in communicating to Petitioner how his sentence could be enhanced by prior convictions. Accordingly, the Court disagrees with Respondent's argument that Petitioner has an available state court remedy and this case should be dismissed to allow Petitioner to exhaust his state court remedies, amended to delete Ground Four so that Petitioner can proceed with the exhausted claims, or stayed while Petitioner exhausts state court remedies.  Respondent dedicated his entire memorandum of law in support of the motion for summary judgment to this exhaustion issue and failed to address Ground One or Ground Three, beyond conceding that they were presented to the Supreme Court of South Carolina, or Ground Four, as it is raised to this Court.  Additionally, Respondent failed to file a reply to Petitioner's response, including Petitioner's argument that he can demonstrate cause and prejudice to overcome the procedural default of Ground Four.  As such, the Court recommends that Respondent's motion for summary judgment be denied with leave to refile to address Grounds One, Three, and Four.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be DENIED WITH LEAVE TO REFILE.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 8, 2015
Greenville, South Carolina