IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Javon Brown, # 272674, a/k/a Jovan T. Brown, a/k/a Jovon Brown,<br><br>    Petitioner,<br><br>v.<br><br>Joseph McFadden, Warden,<br><br>    Respondent. | Civil Action No.: 8:14-cv-1269-RBH<br><br>**ORDER** |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 11, 2014. *See* Petition, ECF No. 1. Petitioner was convicted of possession with intent to distribute cocaine base and possession with intent to distribute cocaine by a Horry County jury in January 2009. *See* ECF No. 24-1 at 3, 109. Petitioner is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. On August 7, 2014, Respondent filed a motion for summary judgment and return and memorandum to the petition. *See* ECF Nos. 23–24. Petitioner timely filed a response in opposition on August 27, 2014. *See* Pet.'s Resp., ECF No. 27. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* R & R, ECF No. 29. In her R & R, the Magistrate Judge recommends that Respondent's motion be denied with leave to refile. *See id.* at 17.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

In the R & R, the Magistrate Judge recommends the Court deny Respondent's motion for summary judgment with leave to refile. *See* ECF No. 29 at 17. Respondent's motion was based solely on the theory that Petitioner presented a mixed petition of exhausted and unexhausted claims. Respondent conceded that Grounds 1 and 3 of the Petition were exhausted, but argued that Ground

4 was not exhausted and that Petitioner still had a state court remedy for this ground.[2]  *See* ECF No. 29 at 14.  Thus, Respondent argued that the case should be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), because it is a mixed petition containing both exhausted and unexhausted claims.  Petitioner argued, however, and the Magistrate Judge agreed, that Ground 4 falls within the limited exception which allows this Court to consider it to be exhausted.  *See* ECF No. 29 at 15.  Ground 4 asserts that trial counsel was ineffective for failing to communicate enhancement factors, and the Magistrate Judge found that Petitioner does not have an available state court remedy for asserting this claim.  *See id.*  The Magistrate Judge noted that Respondent dedicated his entire motion to the exhaustion/mixed petition issue, and did not file a reply to Petitioner's response in opposition.  *See id.* at 16.  Thus, the Magistrate Judge recommends denying Respondent's motion, but allowing Respondent to refile to address Grounds 1, 3, and 4.  *See id.*

Petitioner objected to the R & R asserting only one objection.  This objection simply takes issue with the Magistrate Judge's recommendation that Respondent be granted leave to refile to address Grounds 1, 3, and 4.  *See* ECF No. 31 at 1.  Petitioner concedes that Respondent should be allowed to refile with regard to Ground 4, but argues that Respondent should not be allowed to address Grounds 1 and 3 because he "defaulted and thereby . . . waived all affirmative defenses that were available to him."  *See id.* at 1–2.  Petitioner argues that Respondent failed to "plead or otherwise defend" Grounds 1 and 3 and it would be "extremely prejudicial" to allow Respondent to refile to address these defaulted issues.  *See id.* at 2.  Respondent did not file any objections to the R & R.

---

[2]  Respondent also argued that Ground 2 was not exhausted, which Petitioner conceded in his response brief.  *See* ECF No. 24 at 8; ECF No. 27 at 2.  Accordingly, Petitioner withdrew Ground 2 in his response brief.  *See* ECF No. 27 at 2.

3

The Court finds that Petitioner's objection is without merit.  Respondent timely filed a return and memorandum to Petitioner's petition, asserting an argument that the petition should be dismissed in its entirety.  Accordingly, Respondent has not defaulted because he has not "failed to plead or otherwise defend."  *See* Fed. R. Civ. P. 55(a).  In his return, Respondent asserted that the Petition should be dismissed without prejudice because it is a mixed petition containing claims that are both exhausted and unexhausted.  Respondent, therefore, did not address the substance of the underlying claims in light of this potentially dispositive argument.  The Magistrate Judge rejected this theory, however, and the Court agrees.  That being said, it was certainly reasonable for Respondent to argue his "mixed petition" theory, and to refrain from addressing Petitioner's claims any further at this juncture in light of the fact that the petition would have been dismissed had the Court agreed with Respondent.  This was an efficient and logical use of time and resources.  In light of the Court's rejection of this theory, Respondent should be allowed to further address Petitioner's arguments.  The Court finds that Petitioner would suffer no prejudice if Respondent is given leave to refile, as Petitioner will be given the opportunity to fully and fairly respond to any arguments Respondent raises in any subsequent motion.  Accordingly, Petitioner's objection is without merit.

## CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Respondent's motion for summary judgment should be denied without prejudice and with leave to refile.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Therefore, it is **ORDERED** that Respondent's motion for summary judgment is **DENIED** *without prejudice*.  Respondent is given leave to refile the Motion within thirty (30) days of the

4

entry of this Order. This matter is **REFERRED** back to the Magistrate Judge for further proceedings.

    **IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
March 2, 2015