IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Javon Brown, *a/k/a* Jovan T. Brown, *a/k/a* Jovon Brown,<br><br>               Petitioner,<br><br>vs.<br><br>Joseph McFadden, Warden,<br><br>               Respondent. | C/A No.: 8:14-cv-01269-RBH-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on Petitioner's motion for default judgment.* [Doc. 32.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner contends that Respondent has failed to respond to Grounds One and Three of the Petition and, as a result, all averments in the Petition are deemed admitted and all of Respondent's affirmative defenses are waived. [*Id.* at 1.] Upon consideration, however, the Court finds an entry of default judgment in this matter is not appropriate.

As an initial matter, default judgments are not available in habeas actions. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve*, 830

---

*The Court notes that Petitioner seeks a judgment by default pursuant to Rule 55(e); however, the Federal Rules of Civil Procedure do not include a Rule 55(e). Petitioner is likely referring to a default judgment pursuant to Rule 55(b).

F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases"); *Garland v. Warden*, Civil Action No. 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. Nov. 4, 2008). Thus, default judgment is not a remedy available to Petitioner.

Moreover, Respondent is not in default. Respondent filed a motion for summary judgment with respect to Plaintiff's Petition on August 7, 2014. [Doc. 23.] Respondent argued that the Petition should be dismissed for failure to exhaust Ground Four. [Doc. 24 at 7–9.] On March 2, 2015, the Honorable R. Bryan Harwell denied Respondent's motion for summary judgment without prejudice and granted Respondent leave to refile the motion within thirty days. [Doc. 36.] In that Order, Judge Harwell specifically found that Respondent has not defaulted in this case. [*Id.* at 4.]

Wherefore, based on the above, the Court recommends that Petitioner's motion for default judgment be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

March 5, 2015
Greenville, South Carolina