IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Javon Brown, *a/k/a* Jovan T. Brown, *a/k/a*    )    C/A No. 8:14-cv-01269-RBH-JDA
Jovon Brown,                                    )
                                                )
        Petitioner,                             )
                                                )
            v.                                  )    **REPORT AND RECOMMENDATION**
                                                )    **OF MAGISTRATE JUDGE**
Joseph McFadden, Warden,                        )
                                                )
        Respondent.                             )
_____)

This matter is before the Court on Respondent's amended motion for summary

judgment. [Doc. 46.] Petitioner, proceeding pro se, is a state prisoner who seeks relief

under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local

Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial

petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on April 2, 2014.[1] [Doc. 1.] On

August 7, 2014, Respondent filed a motion for summary judgment and a return and

memorandum to the Petition. [Docs. 23, 24.] On March 2, 2015, the Court denied the

motion for summary judgment without prejudice and with leave to refile. [Doc. 36.] On

March 24, 2015, Respondent filed an amended motion for summary judgment and an

amended return and memorandum. [Docs. 45, 46.] On March 25, 2015, the Court filed an

Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner

of the summary judgment procedure and of the possible consequences if he failed to

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on April 2, 2014. [Doc. 1-1 (envelope stamped as
received by the prison mail room on April 2, 2014).]

adequately respond to the motion.  [Doc. 47.]  Petitioner filed a response in opposition on June 1, 2015.  [Doc. 57.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Horry County Clerk of Court.  [Doc. 1 at 1.]  In December 2007, Petitioner was indicted for possession with intent to distribute ("PWID") cocaine base and PWID cocaine.  [App. 270–73.[2]]  On January 8, 2009, represented by James T. Irvin, Jr. ("Irvin"), Petitioner proceeded to trial in absentia.  [App. 1–115.]  The jury returned a verdict of guilty on both charges [App. 107], and the trial judge sealed the sentences [App. 114].  On March 5, 2010, the sentences were unsealed and Petitioner was sentenced to 20 years imprisonment and a $10,000 fine on each charge, the sentences to run concurrent.  [App. 119.]  No direct appeal was filed.

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on May 28, 2010.  [App. 123–29.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

(a)    Ineffective Assistance of Counsel

(b)    Denial of Due Process, 6th and 14th Amend.

---

[2]The Appendix can be found at Docket Entry Number 24-1.

[App. 125.]  In support of his grounds for relief, Petitioner provided the following allegations, quoted substantially verbatim:

> (a)     Counsel failed to file direct appeal.
>
> (b)     Since this was abstentia any issued not raised herein are not waived, remaining issues/need trial transcript.

[App. 125.]  The State filed a return on July 23, 2010.  [App. 130–33.]

A hearing was held on November 8, 2011, and Petitioner was represented at the hearing by Barbara W. Pratt ("Pratt").  [App. 134–229.]  On November 21, 2011, the State filed a "Brief of Respondent Following PCR Hearing."  [App. 230–36.]  On May 21, 2012, the PCR court filed an order denying relief as to the convictions but granting relief as to the sentencing.[3]  [App. 237–49.]  Accordingly, the PCR court remanded the case to the sentencing judge for a de novo sentencing hearing.  [App. 249.]  On May 31, 2012, Petitioner filed a motion to alter or amend judgment, requesting that the PCR court amend its order to include its ruling on the number of prior convictions and their enhancement of the sentence.  [App. 250.]  The PCR court granted the motion to alter or amend judgment but denied relief as to the additional issue.  [App. 251–53.]  A notice of appeal was timely filed and served. [App. 261–62.]

---

[3]In its order, the PCR court addressed six ineffective assistance of counsel allegations:

> (1)     failure to file notice of appeal;
> (2)     motion for continuance;
> (3)     directed verdict motion;
> (4)     failure to make a motion to suppress;
> (5)     failure to object to chain of custody;
> (6)     motion to reduce sentence.

[App. 240–49.]

On August 3, 2012, Petitioner submitted a pro se motion for relief from judgment or order.[4]  [App. 254–60.]  On December 3, 2012, Pratt filed a motion to hold the appeal in abeyance and to remand for a hearing on a motion to reduce sentence, lifting the automatic stay.  [App. 263–68.]  Although both the Solicitor's office and the Attorney General's office consented to the motion [App. 266–67], the Supreme Court of South Carolina denied the motion on December 10, 2012.  [App. 269.]

On May 1, 2013, Lanelle Cantey Durant ("Durant") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina.  [Doc. 24-3.]  The petition asserted the following as the sole issue presented:

> Did the PCR court err in failing to find trial counsel ineffective for not making a motion to suppress the drugs which were the fruit of an illegal arrest for DUS when Petitioner's license was reinstated but DMV records were not updated timely?

[*Id.* at 3.]  The State filed a return on June 17, 2013.  [Doc. 24-4.]  The court denied the petition on February 10, 2014 [Doc. 24-5] and remitted the matter to the lower court on March 4, 2014 [Doc. 24-6].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on April 2, 2014.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

---

[4]The motion for relief from judgment or order was never ruled on by the PCR court. Respondent asserts that the copy of this motion in the Appendix does not reflect that it was filed and, further, that the motion should not have been filed because there is no right to hybrid representation.  [Doc. 24 at 3–4.]

**GROUND ONE:**    Six Amendment Violation (Ineffective Assistant of Counsel)

*Supporting facts*:    Trial counsel was ineffective for failing to make a motion to suppress drugs which were the fruit of an illegal arrest.

**GROUND TWO:**    Six Amendment Violation (Ineffective Assistant of Counsel)

*Supporting facts*:    Trial counsel was ineffective for failing to file an objection under Rule 6(B), S.C. R. Crim. P. to require proof of the chain of custody at trial.

**GROUND THREE:**    Six Amendment Violation (Ineffective Assistant of Counsel)

*Supporting facts*:    Trial counsel was ineffective for failing to investigate the facts of the stop, search, and arrest.

[Doc. 1 at 6–8.] On May 2, 2014, Petitioner amended his Petition to add the following ground for relief, quoted substantially verbatim:

**GROUND FOUR:**    Six Amendment Violation (Ineffective Assistant of Counsel)

*Supporting facts*:    Trial counsel was ineffective for failing to communicate enhancement factors.

[Doc. 11.] As stated, on March 2, 2015, the Court denied Respondent's motion for summary judgment without prejudice and with leave to refile. [Doc. 36.] On March 24, 2015, Respondent filed an amended motion for summary judgment. [Doc. 46.] On June 1, 2015, Petitioner filed a response in opposition. [Doc. 57.] Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).    Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

12

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a

13

"fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION[6]

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by the respondent. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the Court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Ground Four is procedurally barred. [Doc. 45 at 21–29.] Respondent further argues Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice. [*Id.*] Petitioner argues he can establish cause for this procedurally barred claim

---

[6]Petitioner withdrew Ground Two in his response in opposition to the first motion for summary judgment. [Doc. 27 at 2.] Accordingly, the Court addresses only Grounds One, Three, and Four.

under *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012), because PCR counsel was ineffective. [Doc. 57 at 11–12.] The Court agrees that Ground Four is procedurally barred because it has not been fairly presented to the Supreme Court of South Carolina in a direct appeal or in Petitioner's petition for writ of certiorari from the denial of his PCR application. Because this ground was not fairly presented to the Supreme Court of South Carolina, it is procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### Cause and Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). Here, Petitioner argues that he can establish cause and prejudice for the procedural default of Ground Four under *Martinez* because PCR counsel was ineffective for failing to raise this issue. [Doc. 57 at 11–12.]

> In *Martinez*, the Supreme Court elaborated,
>
> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the

15

> initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, the Court in *Martinez*

> read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, --- U.S. ---, ---, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S.Ct.

at 1318–19, 1320–21). The Court in *Martinez* also noted,

> When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

132 S.Ct. at 1319. The Court in *Martinez* did not, however, extend its holding to PCR

appellate counsel, but only counsel in initial review collateral proceedings. *See e.g.*, *Crowe*

*v. Cartledge*, C/A No. 9:13-cv-2391 DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014)

("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v.*

*Stevenson*, Civil Action No. 1:11-cv-02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25,

16

2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). Therefore, because Ground Four was not raised to the highest court in South Carolina in that it was not raised in the petition for writ of certiorari from the denial of Petitioner's PCR application, Petitioner may not rely on *Martinez* to establish cause with respect to this ground. Accordingly, this claim is procedurally barred from consideration by a federal habeas court and should be dismissed.[7]

**Merits of Remaining Grounds**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id*. § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses

---

[7]In any event, Petitioner is unable to establish that the underlying ineffective assistance of trial counsel claim in Ground Four is a substantial one because he concedes in his response in opposition to the motion for summary judgment that trial counsel informed Petitioner that this was his third drug charge. [Doc. 57 at 12.] Petitioner contends that if he had known the State was pursuing a third offense because of a previous marijuana conviction, he "would have understood and felt comfortable accepting the ten (10) year plea deal and/or Petitioner would have demand[ed] counsel to challenge[] the use of the marijuana conviction for enhancement purposes." [*Id.*] However, Petitioner cannot establish that he was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984), discussed *infra*, because Petitioner admits that trial counsel informed Petitioner the State was pursuing the charge as a third offense even if trial counsel "never gave no specifics as to how it was Petitioner's third drug charge" [Doc. 57 at 12].

independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In Ground One, Petitioner argues trial counsel was ineffective for failing to make a motion to suppress the drugs because they were the fruit of an illegal arrest; in Ground

18

Three, Petitioner argues trial counsel was ineffective for failing to investigate the facts of the stop, search, and arrest.  When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[8]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."  *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to

---

[8]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court evaluated trial counsel's performance under the standard set forth in *Strickland.* [App. 238–39.] With respect to Grounds One and Three, the PCR court found,

> At the PCR hearing the Applicant testified that he had concerns about the legality of the traffic stop and about the legality of the search that led to the discovery of the drugs. He stated that he believed the stop was "reckless," and indicated the search of his person went too far. The Applicant testified that he never received any tickets following the stop on the night he was arrested, and, in particular, he never received a ticket for driving under suspension. The Applicant stated that the trooper told him that night that his license was suspended for failure to pay his insurance. However, the Applicant testified, he believed his license was fine at the time and in fact had a receipt for his insurance payment. The Applicant stated that, although his license had apparently been briefly suspended due to delays in processing his payment, his license was reinstated on January 2, 2007. The Applicant claimed that counsel failed to investigate these issues and failed to make a motion to suppress based upon the legality of the stop.

> Counsel confirmed that the Applicant told him of concerns about the stop prior to trial. Counsel agreed that he did not investigate the tickets actually given to the Applicant or what happened to those tickets. However, counsel explained that the question he considered at the time of trial was whether the police stopped the Applicant legally, regardless of whether they subsequently gave him a ticket for the offense for which they stopped him. Counsel recalled that Trooper Giddings testified that he stopped the Applicant for speeding and for failing to wear a seatbelt. Counsel also stated that it would not matter if the Applicant was later found not guilty of driving under suspension. Counsel indicated that it was his conclusion that the stop was legally conducted; therefore, he did not make a motion to suppress based upon the legality of the stop.

20

This Court finds that the credible evidence in this case, including the testimony of trial counsel at the PCR hearing and that of Trooper Giddings at trial, indicates that the traffic stop was made legally, regardless of whether the Applicant was given tickets for speeding or a seatbelt violation and regardless of whether the driving under suspension charge was later dismissed or was unfounded. The officer had probable cause to stop the Applicant because his radar indicated the Applicant was speeding and because he observed that the Applicant was not wearing a seatbelt. The officer had probable cause to arrest the Applicant for driving under suspension because, at the time of the stop, the DMV records indicated that the Applicant's license was suspended for failure to pay his insurance. Therefore, the search of the Applicant's person that yielded the drugs did not violate the Fourth Amendment. See State v. Freiburger, 366 S.C. 125, 620 S.E.2d 737 (2005) (where a person is lawfully arrested based upon probable cause, a full search of his person does not require a search warrant and is considered reasonable under the Fourth Amendment as a search incident to arrest) (citations omitted). In any event, the drugs in the Applicant's waistband would have been inevitably discovered during a routine inventory search conducted when the Applicant was booked in at the county jail. See Nix v. Williams, 467 U.S. 431 (1984) (where evidence in question would inevitably have been discovered without reference to any police error or misconduct, the evidence is admissible). Therefore, the Applicant failed to prove that counsel's failure to move to suppress the drugs based upon the legality of the stop or search was deficient performance or that it prejudiced him. Relief is denied on this ground.

[App. 243–45.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court

concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*.  Police may stop a vehicle if they have a reasonable suspicion that even a minor traffic offense has occurred. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993); *see also Whren v. United States*, 517 U.S. 806, 819 (1996).  This is true even when police use the traffic violation merely as a pretext because they suspect the driver of other crimes.  *Whren*, 517 U.S. 806. At trial, Trooper Giddings testified that he observed a vehicle driven by Petitioner "exceeding the stated speed limit. . . .  As the vehicle proceeded past [Trooper Giddings, he] observed a driver with no seatbelt on at the time," so he stopped the vehicle.  [App. 44–45.]  The officer was able to articulate a valid reason for the stop; accordingly, the PCR court had no basis to conclude trial counsel provided ineffective assistance of counsel for failing to further investigate the stop, search, and arrest or for failing to move to suppress the drugs that were found.  Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on Grounds One and Three.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's

motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 7, 2015
Greenville, South Carolina