UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Javon Brown, a/k/a Jovan T. Brown, a/k/a Jovon Brown, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Joseph McFadden, Warden, )<br>)<br>Respondent. )<br>_____) | Civil Action No.: 8:14-cv-01269-RBH<br><br><br><br>**ORDER** |

Petitioner, Javon Brown, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* [ECF No. 1]. Pending before the Court is Respondent's amended motion for summary judgment [ECF No. 46] pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* [ECF No. 59]. The Magistrate Judge recommended granting the Respondent's amended motion for summary judgment and denying Petitioner's petition. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, as modified, grants Respondent's amended motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

This matter arises from the criminal conviction and sentence of Petitioner, Javon Brown, on indictments for possession with intent to distribute cocaine and possession with intent to distribute cocaine base. Petitioner was represented by James T. Irvin and on January 8, 2009, was tried in

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

absentia. A jury returned a verdict of guilty on both charges. Petitioner was sentenced to 20 years imprisonment and a $10,000.00 fine on each count, with the sentences to run concurrently. Petitioner did not appeal his conviction or sentence.

On May 28, 2010, Petitioner filed a *pro se* application for post-conviction relief in which he alleged:

>   a)    Ineffective assistance of counsel; and
>
>   b)    Denial of due process, 6th and 14th Amend.;

A post-conviction relief ("PCR") hearing was held on November 8, 2011. Petitioner was represented by Barbara W. Pratt. On May 21, 2012, the PCR court filed an order denying relief as to the convictions but granting relief as to the sentencing.[2] Accordingly, the PCR court remanded the case to the sentencing judge for a *de novo* sentencing hearing. On May 31, 2012, Petitioner filed a motion to alter or amend the judgment requesting that the PCR court amend its order to include its ruling on whether counsel was ineffective for failing to contest the use of the Petitioner's prior convictions to enhance his sentence. The PCR court granted the motion to alter or amend and issued a ruling on the additional issue but denied the requested relief.

Petitioner timely appealed and was represented by Lanelle Cantey Durant who filed a petition for writ of certiorari to the South Carolina Supreme Court on Petitioner's behalf. The sole issue raised on appeal was:

> Did the PCR court err in failing to find trial counsel ineffective for not making a motion to suppress the drugs which were the fruit of an illegal arrest for DUS when Petitioner's license was reinstated but DMV records were not updated timely?

---

[2] From a review of the record and the state court docket, it does not appear that Petitioner has been resentenced in accordance with the PCR court's order. That issue, however, is not before this Court.

The court denied the petition on February 10, 2014 and remitted the matter to the lower court on March 4, 2014.

Petitioner then filed the current petition, which alleges four grounds. In ground one, Petitioner alleges trial counsel was ineffective for failing to make a motion to suppress drugs which were the fruit of an alleged illegal arrest. In ground two, Petitioner alleges trial counsel was ineffective for failing to file an objection under South Carolina Rule of Criminal Procedure 6(B) to require proof of the chain of custody at trial. In ground three, Petitioner alleges trial counsel was ineffective for failing to investigate the facts of the stop, search, and arrest. In ground four, Petitioner alleges trial counsel was ineffective for failing to communicate sentencing enhancement factors.

Respondent filed a return and motion for summary judgment on August 7, 2014. On January 8, 2015, the Magistrate Judge issued an R&R recommending that Respondent's motion for summary judgment be denied with leave to refile. On March 2, 2015, this Court adopted the Magistrate Judge's R&R and denied Respondent's motion for summary judgment without prejudice.

On March 24, 2015, Respondent filed an amended return and motion for summary judgment arguing that grounds one and three should be denied on the merits because Petitioner cannot establish constitutionally deficient performance by trial counsel or any resulting prejudice. Respondent argues ground four should be dismissed as procedurally defaulted. Petitioner has withdrawn his claim under ground two conceding that ground two was not fully exhausted. [Petitioner's Response in Opposition to Motion for Summary Judgment. ECF #27, at 2].

On December 7, 2015, the Magistrate Judge issued an R&R recommending Respondent's amended motion for summary judgment be granted and Petitioner's petition dismissed with

prejudice. Petitioner filed objections to the R&R on January 28, 2016.

## Legal Standards of Review

**I.     Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

**II.    Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine

issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

### III.     Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

**Discussion**

**Grounds One and Three**

Grounds one and three involve allegations of ineffective assistance of trial counsel based on the alleged failure to properly investigate the facts of the traffic stop, search, and arrest and failure to make a motion to suppress drugs, which were the fruit of the allegedly illegal arrest. The Magistrate Judge recommended granting Respondent's amended motion for summary judgment as to grounds one and three finding the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. The PCR court found that because the arresting officer had probable cause for the traffic stop (arresting officer observed Petitioner speeding and not wearing a seatbelt) and probable cause for the arrest for driving under suspension (DMV records indicated Petitioner's license was suspended), trial counsel was not ineffective for either failing to further investigate the traffic stop or failing to file a motion to suppress the drugs found as a result of the traffic stop. The Magistrate Judge found that the PCR court properly applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984)*,* and because the state trooper was able to articulate a valid reason for the stop and arrest, the PCR court had no basis to conclude that trial counsel was ineffective for failing to further investigate the stop or for failing to file a motion to suppress.

Petitioner objects arguing that the issue is not whether there was actually probable cause for the arrest, but whether an objective officer could reasonably have believed that probable cause existed. Petitioner further argues that a reasonable officer would not have arrested him for driving under suspension because Petitioner was in possession of a receipt indicating that he had paid his insurance at the time of his arrest and a reasonable officer would have determined that the DMV

records were not updated to reflect that Petitioner now had automobile insurance.  Petitioner contends the arrest and subsequent search were illegal, and the drugs should have been suppressed had trial counsel made a reasonable investigation into the facts and circumstances of the stop, search, and arrest and moved to suppress the drugs.

At Petitioner's trial, the arresting officer testified that he was running his radar on the side of U.S. Highway 501 on December 31, 2006, and observed a white Lexus exceeding the speed limit. [State Court Appendix, ECF #24-1, at 46, Tr. 44].  The arresting officer also observed that the driver was not wearing a seatbelt. *Id*.  The arresting officer then stopped the vehicle on the shoulder of the road. *Id*. at 45.  Petitioner was driving the vehicle. *Id*.  After a brief investigation, the officer determined that Petitioner's driver's license was suspended, and arrested Petitioner for driving under suspension. *Id*. at 45, 50, 53.  Petitioner was then put in handcuffs and searched for weapons or any other contraband for officer safety. *Id*. at 45.  As the officer was patting down and searching Petitioner, he observed a small plastic baggy in Petitioner's waistband containing a white powdery substance and a rock-like substance. *Id*. at 45-46.  The arresting officer also found a large sum of cash in Petitioner's front right pocket. *Id*. at 49.  SLED analyzed the substances and concluded that the substances were 5.08 grams of powder cocaine and 4.89 grams of crack cocaine. *Id*. at 70.

The PCR court found that the officer had probable cause to stop Petitioner because his radar indicated Petitioner was speeding and he observed Petitioner was not wearing a seatbelt.  The PCR court found that the officer had probable cause to arrest Petitioner because DMV records indicated that the Petitioner's license was suspended.  Following the traffic stop and arrest, both of which were supported by probable cause, the PCR court found that the officer conducted a permissible search incident to arrest and discovered the drugs. *See State v. Freiburger*, 620 S.E.2d 737, 741

7

(S.C. 2005). Therefore, the PCR court found that trial counsel's performance was not deficient for not pursuing a motion to suppress and Petitioner was not prejudiced.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id*. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also, Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy *Strickland's* prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." *Spencer*, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998).

Because Petitioner had no legal basis to challenge his traffic stop, search, or arrest, and there was no 4th amendment violation in his search incident to arrest, Petitioner cannot establish that his trial counsel's alleged failure to pursue a motion to suppress the drugs fell below an objective standard of reasonableness. Furthermore, in the absence of a 4th amendment violation, Petitioner cannot establish prejudice from trial counsel's failure to seek suppression of the drugs. Petitioner argues that his arrest was illegal because the officer knew his license was suspended for not paying his car insurance and a reasonable officer would have determined that DMV records were simply not updated after Petitioner presented his receipt for payment of his car insurance. However, even where an arrest is in violation of state law or does not result in a conviction, a search incident to arrest is permitted as long as there has been no 4th amendment violation. *See Virginia v. Moore*, 553 U.S. 164, 176-78 (2008) (holding that search incident to arrest for driving with a suspended license did not violate Fourth Amendment where police officers had probable cause to believe motorist was driving with a suspended license even though state law required issuance of a summons and did not authorize arrest). Further, "[a]n officer has probable cause for arrest when the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003). The arresting officer in this case was not required to accept Petitioner's explanation as to why DMV records were not accurate before making an arrest based on the facts and circumstances within his knowledge. Probable cause did not simply vanish when Petitioner presented a receipt indicating that he had paid his car insurance. Accordingly, the PCR court's decision denying Petitioner's claim that trial counsel was ineffective for failing to pursue a motion to suppress or properly

investigate the traffic stop, search, and arrest, was not contrary to, or an unreasonable application of, clearly established Federal law. Moreover, the PCR court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner is not entitled to habeas corpus relief on either ground one or ground three.

**Ground Four**

In ground four, Petitioner alleges his trial counsel was ineffective for failing to communicate sentencing enhancement factors to him before trial. Petitioner contends that if trial counsel had communicated that his prior convictions could be used to enhance his sentence, then he would have allegedly accepted the plea offer. The Magistrate Judge found that the claim was procedurally defaulted because the claim was not raised to the South Carolina Supreme Court and the limited exception set forth in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not extend to PCR appellate counsel. Petitioner objects arguing that because the claim was not first presented in the PCR court, *Martinez* applies and permits this Court to review his claim in ground four concerning the failure to communicate enhancement factors before trial.

Before seeking federal habeas review of a claim, a petitioner ordinarily must raise the claim in state court by complying with state procedural rules and exhausting available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner either returns to state court with the claim or demonstrates that such an attempt would be futile, in which case the claim is treated as procedurally defaulted." *Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015). To overcome a procedural default, a petitioner must demonstrate either (1) cause and resulting prejudice, or (2) that the failure to review the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501

U.S. at 750.

In *Martinez v. Ryan*, the United States Supreme Court established a "limited qualification" to the rule in *Coleman* and held inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315, 1319. The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. The *Martinez* Court explained a "substantial" claim of ineffective assistance of counsel is one that has "some merit." *Id.* at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). A claim is insubstantial if "it does not have any merit or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 1319. The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be

11

raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").  Further, to excuse the procedural default of Corley's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton*, 679 F.3d at 1157; *see also Williams*, 529 U.S. at 391 (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims").

Generally, the highly deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)—namely, 28 U.S.C. § 2254—govern federal habeas review of claims originally presented in state courts.  *See* 28 U.S.C. § 2254(d) (providing review standards for "any claim that was adjudicated on the merits in State court proceedings"); *see also Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).  However, "because a petitioner raising a *Martinez* claim never presented the claim in state court, a federal court considers it de novo, rather than under AEDPA's deferential standard of review."  *Gray*, 806 F.3d at 789 ("*Martinez* permits a petitioner, under certain circumstances, to excuse a procedural default and bring a claim in federal court that was not raised in state court.  Such a claim, never having been heard by a state court, is reviewed de novo.").

A review of the record indicates that ground four was not raised in Petitioner's state court PCR proceeding. Thus, the Court must now consider whether *Martinez* operates to permit review of Petitioner's ground four.[3] Applying the *Martinez* standard to this case, it is clear that Petitioner's underlying claim of ineffective assistance of counsel regarding the failure to communicate enhancement factors prior to trial is not a substantial one. Petitioner admits that trial counsel informed Petitioner the State was pursuing the charge as a third offense. Because Petitioner was aware that the charges were being pursued as a third offense, it cannot be said that trial counsel was constitutionally ineffective for failing to discuss it further with Petitioner. Furthermore, although Petitioner claims that "[h]ad counsel specifically informed Petitioner that the reason why the state was pursuing a third offense was because of the marijuana conviction, Petitioner would have understood and felt comfortable accepting the ten (10) year plea deal and/or Petitioner would have demand [sic] counsel to challenged [sic] the use of the marijuana conviction for enhancement purposes," Petitioner fails to establish any resulting prejudice from the alleged failure to communicate the enhancement factors. As a result, it was not objectively unreasonable for PCR counsel not to raise the alleged failure to communicate issue in the state PCR proceeding. Petitioner has failed to establish that the PCR court would have granted relief on this issue had it been presented. Because Petitioner cannot establish the limited exception set forth in *Martinez*, ground four is procedurally defaulted.

## Certificate of Appealability

---

[3] The Court respectfully disagrees with the portion of the Magistrate Judge's R&R, which states that Petitioner may not rely on *Martinez* to establish cause for the procedural default because the claim was not raised to the South Carolina Supreme Court. *See* [R&R, ECF No. 59, at 17]. Because the claim was not initially raised to the PCR court, the Court must apply *Martinez* in order to determine whether Petitioner's failure to exhaust can be excused. The Court does agree, however, with the Magistrate Judge's analysis in footnote seven of the R&R, which concludes that Petitioner is unable to establish that his underlying ineffective assistance of counsel claim is a substantial one.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.   In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 64] and adopts and incorporates by reference the Report and Recommendation [ECF No. 59] of the Magistrate Judge, as modified above.

**IT IS THEREFORE ORDERED** that Respondent's amended motion for summary judgment [ECF No. 46] is **GRANTED**, and Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

March 2, 2016                                              s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                                    United States District Judge